Dear Mr. Soileau:
You have requested an opinion from this office concerning the following:
 Can the Louisiana School Board Association, hereinafter referred to as LSBA, legally pay for services of a professional lobbyist or of a professional lobbying firm from its revenues for the singular purpose of legislative lobbying? If so, what limitations would be placed on the amount of funds that could be used for Such lobbying services?
Louisiana law does restrict the use of public funds and the activity of public employees for the purpose of lobbying. See e.g. La. Const. Art. XI, § 4; R.S. 24:56; R.S. 42:1118; and R.S.43:31. However, even when it is clear that either public funds or public employees are involved, the above restrictions do not prohibit the dissemination of factual information. See above citations and Attorney Opinion Nos. 90-126 and 90-126(A).
In the case of the LSBA, inquiry must be made into whether public funds or public employees are involved in the lobbying activity, and so implicate the above restrictions. The LSBA may be generally grouped into a category of entities referred to as "quasi public." Quasi public entities are very diverse, are defined differently for different purposes and share very few common traits. Each quasi public entity must be examined separately to determine if a particular statute applies to it. Therefore, our response on this matter to the LSBA may not be applicable to a different quasi public entity.
The LSBA may be grouped as a quasi public entity because it is funded by dues paid by local school boards, and takes positions on matters of common concern to local school boards in the place of or in addition to local school boards. Local school boards operate on public funds and employ public employees. The above cited restrictions to the extent they are applicable to political subdivisions of the state, therefore, would restrict the lobbying activities of local school boards.
On the other hand, restrictions on the use of public funds do not always apply to money once it is spent by the public entity to which it is appropriated. In the case of the LSBA, for example, it would appear that the legislative auditor has no authority to audit its financial statements. R.S. 24:513(A). Moreover, contracts entered into by the LSBA do not appear to be subject to the Procurement Code. R.S. 39:1481 et seq.; see also, R.S.38:2211 et seq. In short, statutory law does not appear to treat LSBA's operating funds as public funds.
Moreover, the above is also a factor in determining if its employees or contractors are public employees therefore subject to certain lobbying restrictions. If its funds are not public, its employees may also arguably not be public.
The LSBA is not created by law. Its employees are not elected or appointed by law, nor are they members of public retirement systems. The actions of its employees have not resulted in liability to the state, nor have their action been deemed "state action" for purposes of 42 U.S.C. § 1983. Finally, as yet, the LSBA has never been found to be subject to the Open Meetings Law, R.S. 42:1 et seq., or Public Records Act, R.S. 44:1 et seq.
Additionally, it should be noted that the LSBA has provided the legislature with factual information in the past. Even if its activities may not have been properly characterized as lobbying in the past, its views certainly have reflected the views of the school boards that are its members. The legislature has not seen fit to specifically regulate its activity in this regard. The absence of specific regulation of an activity that affects the body that is uniquely capable of subjecting it to regulation is significant.
In sum, the LSBA can pay for the services of a professional lobbyist, in the absence of any law or regulation to the contrary.
It would appear that the above interpretation is consistent with the general development of the law, to this point in time, on this matter. Atty. Gen. Opinion Nos. 75-124 and 75-952.
It should be noted that this opinion, as stated above, may not be applicable to other quasi public entities. Nor would it be applicable to any entity created by any public employee(s) or body(ies) in order to bypass the restrictions on lobbying.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH:lrg
State of Louisiana
DEPARTMENT OF JUSTICE WILLIAM J. GUSTE, JR. Baton Rouge Telephone: ATTORNEY GENERAL 70804 504-342-7013